## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON

**MICHAEL DEWBERRY,**

 **Movant,**

v.              **Case No. 3:16-cv-05830**
               **Case No. 3:13-cr-00062-1**

**UNITED STATES OF AMERICA,**

 **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's *pro se* Motion for Relief Pursuant to 28 U.S.C. § 2255 Based on New Rule of Constitutional Law (ECF No. 182). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### RELEVANT PROCEDURAL HISTORY

On March 1, 2013, Movant, Michael Dewberry (hereinafter "Defendant"), was indicted on one count of conspiracy to knowingly and intentionally distribute a quantity of oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and five counts of knowingly and intentionally distributing a quantity of oxycodone, or aiding and abetting the distribution thereof, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. 2. (ECF No. 1). On August 26, 2013, Defendant pled guilty, pursuant to a written plea agreement, to one count of knowingly and intentionally distributing a quantity of oxycodone, as stated in Count Four of the indictment. (ECF Nos. 122-124). Defendant's plea agreement included

a provision that the United States of America agreed not to file an Information under 21 U.S.C. § 851, which would have subjected Defendant to a higher statutory sentencing range based upon prior convictions.

On December 10, 2013, Defendant was sentenced to an 87-month term of imprisonment, followed by a three-year term of supervised release. (ECF No. 140). Defendant's sentencing guideline calculation included an enhancement under USSG § 4B1.1 for being a career offender, because he had two prior felony convictions for controlled substance offenses, as defined in USSG § 4B1.2. The career offender enhancement increased Defendant's guideline level to a 32 (before a three-level reduction for acceptance of responsibility, resulting in a total offense level of 29), and increased his criminal history category to a VI. Defendant did not appeal his sentence to the United States Court of Appeals for the Fourth Circuit.

On June 27 2016, Defendant filed the instant section 2255 motion (ECF No. 182), asserting that he is entitled to relief under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process.[1] Although Defendant was not sentenced under the

---

[1] The ACCA provides for a sentencing enhancement for a felon possessing a firearm or ammunition when the defendant has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The ACCA defines a "violent felony" as a crime punishable . . . by imprisonment for a term exceeding one year . . . that

>   (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
>   (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

ACCA, the career offender guideline has a similar residual clause. Thus, Defendant asserts that the rationale in *Johnson* should extend to the residual clause of the career offender guideline.

However, as explained below, Defendant's request for relief under section 2255 is barred by subsequent rulings by the Supreme Court and the Fourth Circuit. Moreover, *Johnson* has no application to Defendant's case because his prior convictions were controlled substance offenses, which do not involve the application of the subject residual clause.

## ANALYSIS

The court can quickly dispose of Defendant's claim that he is entitled to relief under the Supreme Court's decision in *Johnson*. Defendant argues that the decision in *Johnson* also invalidates the residual clause contained in USSG § 4B1.2(a)(2), which is used to determine whether a prior conviction is a "crime of violence" for the purpose of the career offender enhancement. However, that issue has been foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017).

In *Beckles*, the Supreme Court examined the constitutionality of the career offender guideline's residual clause in light of *Johnson* and determined that it was not unconstitutionally vague, explaining that "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences." *Id.* at 892. Instead, the Court found that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* Thus, the Court found that "the Guidelines are not subject to a vagueness challenge under the Due Process clause" and

---

18 U.S.C. § 924(e)(2)(B) (Emphasis added). Subsection (i) is known as the "elements" or "force" clause. The first part of subsection (ii) is known as the "enumerated offense" clause. The emphasized portion of subsection (ii) is known as the "residual" clause.

3

"[t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id.* Additionally, on August 21, 2017, the Fourth Circuit issued a decision in *United States v. Brown*, 868 F.3d 297 (4th Cir. Aug. 21, 2017), holding that *Beckles* forecloses argument that *Johnson* invalidates all residual clauses with wording similar to the ACCA's invalidated residual clause, and, thus, there is no "recognized" right to retroactive collateral review of a Guideline sentence thereunder. Moreover, because Defendant's two predicate offenses were controlled substance offenses, which is defined separately under section 4B1.2, and contains no residual clause, *Johnson* is wholly inapplicable to his case.

Therefore, *Johnson* affords Defendant no relief. Additionally, because *Johnson* is inapplicable to Defendant's claim, his section 2255 motion is otherwise untimely, as it was filed well more than one year after his Judgment became final. *See* 28 U.S.C. § 2255(f)(1).

## RECOMMENDATION

For all of the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Motion for Relief Pursuant to 28 U.S.C. § 2255 Based on New Rule of Constitutional Law (ECF No. 182) and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed

Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Chambers.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

September 17, 2018

Dwane L. Tinsley
United States Magistrate Judge